UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SERVICIO MARINA SUPERIOR, L.L.C. | CIVIL ACTION |
| VERSUS | NO: 12-2847 |
| OPI INTERNATIONAL CONTRACTORS, LTD., ET AL. | SECTION "N" (4) |

### ORDER

Before the Court is Non-Party, OPI International Group, Ltd.'s, ("OPI") **Non-Party OPI International Group, Ltd.'s Motion to Quash** (**R. Doc. 11**), seeking to quash service directed to it and to its employee, John Parker ("Parker"). The motion is unopposed by Plaintiff, Servicio Marina Superior, L.L.C., ("Servicio"), although OPI has filed an untimely Reply (R. Doc. 24).[1] The motion was heard on the briefs on March 20, 2013.[2]

**I.    Background**

This maritime dispute involves charter payments made on a tug boat, the TUG ATLAS. Specifically, OPI International Contractors, Ltd., ("OPI Contractors") entered into a written

---

[1]According to Local Rule 7.5, Servicio's motion in opposition was due no later than eight days prior to the noticed submission date, which would have been March 12, 2013. L.R. 7.5. Servicio filed an opposition on March 14, 2013. Servicio subsequently filed a response on April 19, 2013 (R. Doc. 25), in which it stated that it no longer opposes the motion to quash. However, Moreover, Servicio never moved for leave to file either its "opposition" or its "response." Therefore, the Court treats OPI's motion as unopposed.

[2]The Court denied the parties' motion to continue the submission until May 1, 2013. (R. Docs. 15, 17).

agreement with Servicio to charter the TUG ATLAS, which commenced on October 17, 2010. (R. Doc. 1, pp. 2-3). This agreement was signed on behalf of OPI Contractors by Parker, who at that time served as the company's Chief Operating Officer. (R. Doc. 11-1, p. 2).

Servicio alleges that although it issued several invoices to OPI Contractors, not all of these invoices were paid. (R. Doc. 1, p. 3). At the time the TUG ATLAS was returned to Servicio on February 4, 2012, Servicio alleges that OPI Contractors had "incurred charter hire and related charges of $1,648,105.51 for which it has been invoiced and for which it has refused to make payment." *Id.* Servicio seeks damages for OPI Contractors' breach of its charter agreement, as well as applicable interest and attorney's fees. *Id.* Servicio instituted this suit on November 28, 2012.

OPI argues that shortly before Servicio commenced suit, on October 24, 2012, OPI Contractors, along with its immediate parent, were sold to a Nigerian company. (R. Doc. 11-1, p. 2). At that point, Parker ceased to become involved in OPI Contractors' business activities. *See id.* Parker did, however, continue to be employed at OPI, which according to the movant is separate and legally distinct from OPI Contractors. *Id.*[3]

Thereafter, on or around February 6, 2013, Servicio attempted to serve OPI Contractors at OPI's offices in Houston, Texas. *Id.* To do so, Servicio's process server left a message for Parker, which Parker returned. *Id.* At that time, Parker explained that he was not authorized to accept service for OPI Contractors, due to the sale of the company to a Nigerian entity. *Id.* Nevertheless, after being told that he was the "registered agent" for accepting service for OPI Contractors, Parker agreed to "receive the papers" at OPI's office on February 12, 2013, although "he never indicated

---

[3]Specifically, OPI is a company "that provides accommodations, catering, and warehousing to oil and gas service companies operating in Angola." *Id.*

2

he was accepting service of process of process on behalf of" OPI Contractors. *Id.* at 2-3.

The Summons served on Parker is directed to

OPI International Contractors, Ltd.
through Joseph E. Parker
4545 Post Oak Place Drive, Suite 203
Houston, Texas 77027.

(R. Doc. 11-2, p. 4).[4]

In support of its motion, OPI has also attached an Affidavit from Parker, in which he states that "[o]n February 12, 2013 I was not an officer, managing agent, or general agent for [OPI Contractors]. I was not otherwise authorized to accept service of process for [OPI Contractors]. I was not a designated or registered agent for service of process." (R. Doc. 11-2, p. 2). OPI now moves to quash the summons directed towards itself and Parker.

**II.     Standard of Review**

Federal Rule of Civil Procedure ("Rule") 12(b)(5) allows a party to move to enter a defense of insufficient service of process. The Fifth Circuit has noted that under this Rule a movant can request either that an action be dismissed, or that service be quashed. *See Gartin v. Par Pharmaceutical Companies, Inc.*, 289 F. App'x 688, 691-92 (5th Cir. 2008). Assertion of this defense is appropriate where "the wrong party - a party not named in the summons - has been served." *Id.* at 692 n.3.

Federal Rule 4(h)(1) provides the requirements for serving corporations such as OPI Contractors. Therein, a corporation must be served "in the manner prescribed by Rule 4(e)(1) for

---

[4]The Summons was issued by the U.S. District Court for the Eastern District of Louisiana on November 29, 2012. *Id.*

3

serving an individual; or by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *Id.* Under Rule 4(e)(1), service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or in the state where service is made." *Id.* Texas service laws do not provide sufficiently greater latitude for such service by former employees or by persons who "consent" to service. *See* Tex. Bus. Orgs. Code Ann. §§ 5.201, 5.255.[5] However, under Louisiana law, where a corporation fails to designate an agent for service of process, service may be made on, *inter alia*, "any officer, or director, or on any person named as such *in the last report filed with the secretary of state*." La. Code Civ. Proc. Ann. art. 1261(B) (emphasis added).

**III.     Analysis**

Setting the plain language of Rule 4 against OPI's uncontested arguments and the statement in Parker's Affidavit, it is clear that by the time Parker "accepted" service on February 12, 2013, he had no legal relationship with OPI Contractors whatsoever. Even though Parker may have signed the contract on OPI Contractors' behalf in 2010, that company was sold on October 24, 2012, before Servicio brought suit; Rule 4 does not allow a plaintiff to properly serve a company by serving its former employees.

Admittedly, under Louisiana law Parker might be a proper person for purposes of service of process if (1) OPI Contractors had not properly designated an agent, and (2) Parker was named as a corporate officer in OPI Contractors' last corporate filing. *See* La Code Civ. Proc. Ann. art

---

[5]As noted above, Parker was served with process in Houston, Texas.

1261(B).  This issue might become relevant if the date of OPI Contractors' most recent corporate filing was disclosed, as Parker's Affidavit states that after the October 24, 2012 sale, "I was not an officer or employee" of that company.  (R. Doc. 11-2, p. 1).

However, the issue of Parker's capacity to accept service under Louisiana law assumes a series of facts which have not been presented to the Court, and which were Servicio's burden to properly present.  "The plaintiff bears the burden of demonstrating the validity of the service when an objection is made."  *Dominion Exploration & Production, Inc. V. Delmar Systems, Inc.*, No. 07-9492, 2008 WL 4809453, at *2 (E.D. La. Nov. 8, 2008).  In so doing, "the court must look outside the complaint to assess what measures the plaintiff took to ensure effective service of process upon the defendant." *Id.* (quotation omitted).

Here, the Court notes that OPI has objected and Servicio has not properly filed a response to that objection. Even insofar as the Court must undertake an independent analysis to determine whether the steps Servicio took to serve OPI Contractors were "reasonable," the Court notes that there is no indication that Servicio could *not* serve OPI Contractors directly.  Indeed, OPI argues that Servicio "insisted" on serving Parker even after he explained that OPI Contractors had been sold, and suggests that Servicio attempted to serve Parker to "avoid the extra steps necessary to procure service of process on a foreign entity."  (R. Doc. 11-1, pp. 3-5).

The Court also notes that OPI has not requested *dismissal* of the action under Rule 12(b)(5) for the obvious reason that OPI cannot move to dismiss an action to which it is not a party.  Federal courts in Louisiana have found that "[w]here there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly, the proper course of action is to quash service and permit

5

a plaintiff another opportunity to complete service rather than dismiss the case." *Thomas v. New Leaders for New Schools*, 278 F.R.D. 347, 352 (E.D. La. 2011).  In this case, the Court need not reach the issue of whether Servicio in fact has a "reasonable prospect" of ultimately serving OPI Contractors in order to grant the specific relief which OPI has requested.

## IV.    Conclusion

Accordingly,

**IT IS ORDERED** that Non-Party, OPI International Group, Ltd.'s, ("OPI") **Non-Party OPI International Group, Ltd.'s Motion to Quash (R. Doc. 11)** is **GRANTED**.

New Orleans, Louisiana, this 22nd day of April 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**